941 F.2d 1209
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CONGREGATION LUBAVITCH and Rabbi Sholom B. Kalmanson,
Plaintiffs-Appellees,
v.
CITY OF CINCINNATI, Defendant-Appellant.
 No. 90-4084.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1991.
 
 On Appeal from the United States District Court for the Southern District of Ohio, No. 90-0084; Carl B. Rubin, J.
 S.D. Ohio
 APPEAL DISMISSED.
 Before BOGGS, Circuit Judge, LIVELY, Senior Circuit Judge, and CLELAND, District Judge.*
 PER CURIAM.
 
 
 1
 This case is an appeal of a preliminary injunction granted by Judge Carl Rubin, requiring the City of Cincinnati to allow the plaintiffs, Congregation Lubavitch, and Rabbi Kalmanson (collectively "Lubavitch") to erect a menorah during the eight days of Chanukah. This court denied Cincinnati's application for a stay pending appeal, Congregation Lubavitch v. City of Cincinnati, 923 F.2d 458 (6th Cir.1991). Accordingly, the menorah remained on Fountain Square until December 19, 1990, when the preliminary injunction expired by its own terms.
 
 
 2
 In the course of briefing and oral argument in this case, the factual claims and legal arguments advanced by each side have been clarified. The differences between the litigants have been narrowed, but sharpened.
 
 
 3
 One issue on which the parties do agree on is that we should reach the merits of this case. Nonetheless, we think that we are squarely precluded from doing so by the Supreme Court's holding in University of Texas v. Camenisch, 451 U.S. 390, 101 S.Ct. 1830 (1981), that ordinarily an appellate court should not render a ruling on the merits of a preliminary injunction, when the injunction has expired, by its own terms. The rationale for this rule is both prudential and constitutional.
 
 
 4
 It is usually imprudent for the court to review preliminary injunctions because "a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." Id. at 395, 101 S.Ct. at 1834. There is an exception to this prudential principle, which the Supreme Court has, on occasion, applied. That exception allows an appellate court to enter final judgment on the merits (which neither party seems to want) "when the unconstitutionality of the particular state action is clear." Thornburgh v. American College of Obstetricians and Gynecologists, 476 U.S. 747, 756, 106 S.Ct. 2169, 2176 (1986). Reaching the merits is acceptable, however, only "if a district court's ruling rests solely on a premise as to the applicable rule of law, and the facts are established or of no controlling relevance." Id. at 757, 106 S.Ct. at 2177.
 
 
 5
 Here, the district court granted a preliminary injunction without having any evidentiary hearing whatsoever. Early in the hearing on the matter, Judge Rubin indicated that he did not believe that it was necessary to put on evidence, stating that the issue before the court was legal, not factual. Tr. at 4. The parties went along with this decision, as they were perhaps justified in doing, given the paucity of time available for them. Nonetheless, it means that we have very little factual record to work with. This gives us little to go on in resolving factual disputes--which are significant and real. Indeed, in maintaining that we ought to reach the merits, both parties agreed that the facts were undisputed--but they couldn't agree on what those "undisputed" facts were.
 
 
 6
 As the case now stands, Lubavitch maintains that it should be allowed to place the menorah on Fountain Square for the eight days of Chanukah because Fountain Square is a public forum, and it has been used in like fashion by other groups and individual citizens, involving both secular and religious speech. See Lubavitch Br. at 15, 26; Widmar v. Vincent, 454 U.S. 263, 269-70, 102 S.Ct. 269, 274 (1981).
 
 
 7
 The city concedes that Fountain Square is, for some purposes, a public forum, see Cincinnati Br. at 12-13, and that it has frequently been used for public displays, but it contends that no group has been allowed to use Fountain Square for:
 
 
 8
 1. Any period of more than one day. See Clark v. Community for Creative Non-Violence, 468 U.S. 288, 104 S.Ct. 3065 (1984). In its brief, Cincinnati claimed that "[t]he City will grant a permit to use Fountain Square for only a limited time period on a daily basis." Cincinnati Br. at 15-16. At oral argument, the City clarified this somewhat ambiguous statement, asserting that no group whatsoever was allowed to keep displays in the square overnight.[1] See also Cincinnati Reply Br. at 8-9. Lubavitch maintains that other groups (including, inter alia, the Cincinnati Reds) have been allowed to post displays overnight and for extended periods of time.
 
 
 9
 2. Any period without human attendance throughout. Cincinnati claims that "[a]n unadorned, unattended, solitary structure is not symbolic speech warranting First Amendment protection." Cincinnati Br. at 9. This argument is based on the notion that an unadorned menorah is not understood as conveying a certain message. Lubavitch responds that its message is well understood, and that, in any case, this contradicts other arguments advanced by Cincinnati.
 
 
 10
 3. The erection of "structures." See Lubavitch Chabad House, Inc. v. City of Chicago, 917 F.2d 341 (7th Cir.1990). Cincinnati invokes a regulation, defended as a content-neutral time, place, and manner, restriction against structures. Cincinnati Br. at 14-15. Lubavitch contends, however, that "the City regularly permits individuals and groups to engage in speech and erect structures on Fountain Square...." Lubavitch Br. at 26. Cincinnati does concede that some individuals and groups are allowed to put up symbols or displays for a limited period of time. Cincinnati Reply Br. at 7-8. Detailed information about the manner of determining the distinction between proscribed "structures" and permitted "displays" and "exhibits" is not a part of the record before us. See Heffron v. International Society for Krishna Consciousness, 452 U.S. 640, 649, 101 S.Ct. 2559, 2565 (1981).
 
 
 11
 4. Any period measured by a religious need. Cincinnati contends that it was error for the court to require the menorah to remain during the entire period of Chanukah. See Cincinnati Br. at 25-29.
 
 
 12
 Each of these issues is, by its very nature, intensely fact-bound. Lubavitch argues mightily that these issues were not contested below, when Cincinnati had its chance to do so. The City of Cincinnati contends, with equal vigor, that it is prepared to make its factual showing--indeed, that the district court deprived it of the opportunity to do so. This discrepancy demonstrates exactly why this court would not be correct in undertaking a pronouncement regarding the law resting on such an uncertain factual grounding.
 
 
 13
 We recognize that the parties would like to have a decision from this court settling the ongoing "menorah war" once and for all. Both parties disclaim any interest in spending each winter in legal maneuvering. However, the merits of the issue remain before the district court. Rather than awaiting the decision of this court, the parties and the district court should have been vigorously pursuing the action before the district court. The district court should either enter or deny a permanent injunction, and the parties should see that the factual record is adequate, so that both the district court and this panel will have something more to go on than vague recollections of seeing a banner in the square. The parties certainly may seek expedited resolution of this matter, both before the district court, and in any appeal that may follow.
 
 
 14
 In addition to prudential concerns, there are constitutional problems with reaching the merits of the issues. In reviewing a preliminary injunction, the issue before the court of appeals is not which party is right, but is, instead, whether the district court abused its discretion is entering the preliminary injunction. Id. at 393, 101 S.Ct. at 1833. Thus, in Camenisch, the Supreme Court vacated the opinion of a court of appeals reviewing a preliminary injunction, "[b]ecause the only issue presently before us--the correctness of the decision to grant a preliminary injunction--is moot."[2] We believe that the same analysis applies here. The injunction entered by Judge Rubin in this case ended, by its own terms, on December 18, 1990. As that date has passed, the dispute over the preliminary injunction is, by its terms, moot. Accordingly, the appeal is DISMISSED AS MOOT.[3] The underlying merits case remains with the district court.
 
 
 
 *
 The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Although some of the Cincinnati's discussion seems calculated to suggest to the court that no group is allowed to use Fountain Square for longer than a day, other statements merely suggest that all groups are limited to the amount of time allotted to them: "no display, exhibit or structure is permitted to remain on Fountain Square past the conclusion of the permitted rally, protest, demonstration or gathering...." This seems somewhat tautological: Cincinnati seems to be saying only that no display is permitted for more time than it is permitted
 
 
 [2]
 These concerns did not arise in the Thornburgh case, since the plaintiffs there sought an injunction against enforcement of the Pennsylvania abortion laws at issue there that would run indefinitely into the future. See Thornburgh, 476 U.S. at 752-54, 106 S.Ct. at 2174-75
 
 
 [3]
 Should this court be confronted with repeated "one-year-only" controversies, ultimately resolved, as this one was, on an emergency application for stay to this court, we could determine that the dispute truly was "capable of repetition, yet evading review." See Meyer v. Grant, 486 U.S. 414, 417 n. 2, 108 S.Ct. 1886, 1890 n. 2 (1988); Murphy v. Hunt, 455 U.S. 478, 482, 102 S.Ct. 1181, 1183 (1982). We are not convinced, however, that this case will truly evade review, if all parties proceed expeditiously. Once the district court reaches its decision on a full ruling on the merits, that ruling will be reviewable, and we will have a factual record that is adequate to decide the case